UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **ERIC DALE MICKELSON**<br>**LA. DOC #378995**<br>**VS.** | **CIVIL ACTION NO. 5:15-cv-2589**<br><br>**SECTION P**<br><br>**JUDGE ELIZABETH E. FOOTE** |
| **1st JUDICIAL DISTRICT COURT** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

Pro se petitioner Eric Dale Mickelson filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 on October 26, 2015. When he filed this petition he was being detained at the Caddo Corrections Center (CCC) awaiting trial in the First Judicial District Court, Caddo Parish. On December 9, 2015, he advised that he was transferred to the Louisiana State Penitentiary, Angola. [Doc. 7]

This matter has been referred to the undersigned for review, report and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED.**

*Statement of the Case*

Petitioner was convicted of first degree murder and thereafter sentenced to death by the First Judicial District Court, Caddo Parish. On September 3, 2014, the Louisiana Supreme Court reversed his conviction and sentence and remanded to the First Judicial District Court for a new trial. *State of Louisiana v. Eric Dale Mickelson*, 2012-2539 (La. 9/3/2014), 149 So.3d 178.

Presumably he was thereafter returned to the custody of the CCC to await his retrial. In his petition he alleged that on October 19, 2015, he filed an "Averment of Jurisdiction - Quo

Warranto" in the First Judicial District Court challenging the jurisdiction of that Court. According to petitioner, the Court ruled "Not to recognize the Documents filed into record" on the same date. He filed the instant petition for habeas corpus on October 26, 2015, alleging that the First Judicial District Court "has failed to produce or provide proof of authority or proof of jurisdiction in this case..." and "... continues to avoid the issue of jurisdiction." [Doc. 1, ¶13] He asks this Court "... to order the First Judicial District of Caddo Parish, Louisiana (Court) to produce on the record all jurisdictional facts asserted, and if not to discharge the charges against the said petitioner, so party with standing can present claim in proper Court of Jurisdiction." [Id., ¶15]

In a letter dated November 11, 2015, which was received and filed on November 16, 2015, petitioner advised that he was in the custody of Louisiana's Department of Corrections and incarcerated at the Louisiana State Penitentiary, Angola, Louisiana. [Doc. 4]

### *Law and Analysis*

When he filed this petition, petitioner was a pre-trial detainee challenging an ongoing Louisiana state court criminal prosecution. Thus, this petition was properly filed as arising under 28 U.S.C. § 2241, which applies to persons in custody awaiting trial who have not yet been convicted. *Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998); *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir.), *cert. denied*, 484 U.S. 956, 108 S.Ct. 352, 98 L.Ed.2d 378 (1987) ("Section 2254 applies only to post-trial situations and affords relief to a petitioner 'in custody pursuant to the judgment of a state court.' Pretrial petitions are properly brought under §2241, 'which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him.'"); and *Robinson v. Wade*, 686 F.2d 298, 302-03, 303 n. 8 (5th Cir.1982) ("Robinson's petition is properly considered to arise

under 28 U.S.C. § 2241(c)(3), allowing the writ of *habeas corpus* to petitioners 'in custody in violation of the Constitution,' rather than under 28 U.S.C. § 2254(a), which requires that custody be 'pursuant to the judgment of a state court.'") It is unclear what petitioner's current status is. As noted above, he now claims to be in the custody of the Department of Corrections and his current address is the Louisiana State Penitentiary.

Nevertheless, for the purposes of this Report petitioner's status as a detainee or convict is irrelevant.

The requirement of exhaustion of state court remedies in a federal *habeas corpus* proceeding filed pursuant to 28 U.S.C. §2254 is well established. A petitioner seeking federal *habeas corpus* relief cannot collaterally attack his state court conviction in federal court until he has exhausted available state remedies. *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198 (1982); *Minor v. Lucas,* 697 F.2d 697 (5th Cir. 1983). The exhaustion requirement is a judicial abstention policy developed "to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdictions as well as to limit federal interference in the state adjudicatory process." *Dickerson*, 816 F.2d at 225; *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509 (1971); *Shute v. Texas,* 117 F.3d 233 (5th Cir. 1997). In order to satisfy the exhaustion requirement, the petitioner must have provided all state courts that could review the matter with a fair opportunity to review all of his *habeas corpus* claims before a federal court will review those claims. *Anderson v. Harless*, 459 U.S. 4, 103 S.Ct. 277 (1982); *Picard*, 404 U.S. 270.

With regard to *habeas* petitions filed under 28 U.S.C. §2241 by pre-trial detainees, there is no express statutory requirement that the detainee exhaust state court remedies prior to asserting his claims in federal court. However, the jurisprudence requires persons seeking such

relief pursuant to §2241 to first exhaust state court remedies before seeking federal intervention. *Dickerson*, 816 F.2d at 224-225; *Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 489-90, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973); *Robinson v. Wade*, 686 F.2d at 303, n. 8 ("Although section 2241 contains no statutory requirement of exhaustion like that found in section 2254(b), exhaustion of state remedies has been held a necessary prelude to its invocation.")

Petitioner has not exhausted available State court remedies. He indicates that his motion questioning or attacking the District Court's jurisdiction was dismissed (or ignored) on October 19, 2015, the date it was filed. He filed his federal habeas corpus petition on October 26, 2015, a week later. In other words, it is clear that petitioner did not seek supervisory review in the Louisiana Supreme Court prior the filing his federal petition and therefore petitioner has not exhausted available State court remedies. In other words, his federal *habeas corpus* petition is premature whether arising under Section 2241 or Section 2254.

Finally, petitioner has not demonstrated that he remains in custody in violation of the Constitution and laws of the United States. He questions the First Judicial District Court's exercise of jurisdiction over a Louisiana criminal prosecution. Federal courts may not interfere with the state courts' application of state law. *cf. Smith v. McCotter*, 786 F.2d 697, 700 (5th Cir.1986) ("We do not sit as a 'super' state supreme court. (citation omitted) Consequently, we decide ... issues only to the extent that federal constitutional issues are implicated and we refuse to act as an arm of the [state court of appeals]..."). Contrary to petitioner's mistaken belief, this court holds no supervisory power over these pending state judicial proceedings and may intervene only to correct errors of constitutional dimensions. *Smith v. Phillips*, 455 U.S. 209, 221, 102 S.Ct. 940, 948, 71 L.Ed.2d 78 (1982).

Therefore,

**IT IS RECOMMENDED** that this *habeas corpus* petition arising pursuant to 28 U.S.C. §2241 be **DISMISSED**.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed in Chambers, Monroe, Louisiana, December 14, 2015.

_____
**KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE**